[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on January 11, 1986 in Greenwich, Connecticut. They have resided continuously in this state since that time. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in Sections 46b-81 and 46b-82 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow. CT Page 1055
The parties were married for approximately six years. It is the second marriage for both parties. The husband characterized the marriage as bumpy throughout. Approximately four months after the marriage, the parties separated for six or seven months.
The plaintiff is aged 63 and plans to retire from his responsible position as bank president in a year and one-half. The plaintiff is in good health. The defendant is 54 years of age and also in good health. She currently holds the position of vice-president in charge of the travel division with the same bank. The plaintiff has been with the bank for approximately 37 years and the defendant has been with the bank since October 1979.
The plaintiff presently earns $193,000 per year plus other benefits in his position. The defendant earns $70,000 from her employment plus certain other benefits. Each of the parties has additional assets and income as more specifically reflected on their sworn financial affidavits.
No useful purpose would be served by a review of all the evidence presented in this matter. Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party.
The court has carefully considered the statutory criteria set forth in Sections 46b-81 and 46b-82 C.G.S. in reaching the decisions as reflected in the orders that follow.
1. Real Estate
A. The defendant shall forthwith quit claim, transfer and assign all her right and title and interest in and to the premises located at 1466 Ponus Ridge, New Canaan, Connecticut to the plaintiff. The plaintiff shall indemnify the defendant from all liability present, past and future, arising out of the ownership of the Ponus Ridge property. The plaintiff shall be responsible for any and all payments due and owing in connection with the first mortgage, including any arrearage and shall hold the defendant harmless therefrom.
The plaintiff shall forego and forgive any debt obligations owed by the defendant relating to house expenses and a capital improvement debt.
B. The plaintiff shall be solely entitled to the condo located in Eastman, New Hampshire and the defendant shall have no claim thereto.
C. The defendant shall have no claim to the real estate located in Vero Beach, Florida presently in the name of the CT Page 1056 plaintiff's sister.
D. The defendant shall be solely entitled to the condo located at Orchard Hills, Richmond Hill Road, New Canaan and the plaintiff shall have no claim thereto.
1. Property Settlement
A. The plaintiff shall pay to the defendant a lump sum amount of $60,000 (Sixty Thousand Dollars) by way of a property settlement. Said sum shall be paid within 30 days of date.
B. In addition, the plaintiff shall forthwith transfer to the defendant the sum of $40,000 in profit sharing funds to the defendant's IRA account. Said payment may be made pursuant to a Qualified Domestic Relations Order or in any other manner as the parties shall agree.
The court finds that the plaintiff's pension increased by $101,974 during the marriage. In addition, the plaintiff's Profit Sharing Plan substantially increased during the course of the marriage.
3. Alimony
The plaintiff is awarded periodic alimony in the amount of $1.00 per year for a period of four years from date. The term of alimony shall be non modifiable. Said alimony shall be modified as to amount only if the defendant's present employment is terminated by her employer. Said alimony shall also terminate on the defendant's remarriage, death or cohabitation as defined by statute.
4. Personal Property
The parties shall divide their personal property as they shall agree. In the event the parties are unable to agree they are referred to Family Relations for mediation. If the mediation is unsuccessful, the parties shall return to court and the court shall issue orders after a hearing. The court retains jurisdiction for this purpose.
5. Attorneys' Fees
Each party shall pay their own attorneys' fees.
6. Other Assets
Each party shall be entitled to the assets and miscellaneous property presently in their respective possession and CT Page 1057 as listed on their respective financial affidavits unless otherwise disposed of herein.
COPPETO, J.